IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JASON T. MYERS,                    :
                Petitioner,        :
                                   :     1:14-cv-299
        v.                         :
                                   :     Hon. John E. Jones III
COMMONWEALTH OF                    :
PENNSYLVANIA, *et al.,*            :
                Respondents.       :

## MEMORANDUM

### October 16, 2014

On February 11, 2014, Petitioner, Jason Myers, an inmate currently confined at the Forest State Correctional Institution in Marienville, Pennsylvania, ("SCI-Forest"), filed the instant *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). Petitioner challenges his 2006 criminal conviction imposed by the Luzerne County Court of Common Pleas. (*Id.*). After careful consideration of the parties' submissions, and for the reasons discussed below, the petition will be dismissed as untimely pursuant to 28 U.S.C. § 2244(d).

## I.    BACKGROUND

The following background has been extracted from this Court's May 2010 Memorandum dismissing Petitioner's habeas corpus petition in civil action number

08-100.[1]

Following an incident on April 8 and 9, 2005, during which Myers brutally beat and then sexually assaulted his girlfriend, he was charged with involuntary deviate sexual intercourse, terroristic threats, simple assault, and rape. (*See* Doc. 15, Response, at 2.) A jury trial was held in the Luzerne County Court of Common Pleas on May 2 through 4, 2006, after which the jury convicted Myers of involuntary deviate sexual intercourse, simple assault, and terroristic threats. (*See id.*) The jury was unable to reach a verdict on the charge of rape, and the trial court declared a mistrial on that charge. (*See id.*)

On August 10, 2006, the trial court conducted a sentencing hearing after which it imposed a sentence of eight and one half (8½) to twenty (20) years imprisonment on the count of involuntary deviate sexual intercourse; a consecutive sentence of sixteen (16) months to five (5) years on the count of terroristic threats; and a consecutive sentence of twelve (12) to twenty-four (24) months on the count of simple assault. (*See id.*)

On August 31, 2006, Myers filed a direct appeal from his judgment of sentence to the Pennsylvania Superior Court. (*See id.*; 1574 MDA 2006.) However, on December 28, 2006, counsel for Myers filed a praecipe to terminate the appeal stating that, because Myers only sought to raise claims of ineffective assistance of counsel, and these claims cannot be pursued on direct appeal, but rather must be pursued in a petition for post-conviction relief, he did not wish to pursue the direct appeal. (*See* Doc. 15 at 3.) By Order dated December 29, 2006, the Pennsylvania Superior Court discontinued Petitioner's appeal. (Doc. 15-2, 12/29/06 Notice of Discontinuance of Action.)

---

[1] The petition for writ of habeas corpus in civil action number 08-100 was dismissed by this Court on May 6, 2010 for failure to exhaust state court remedies. *Myers v. Warden of SCI-Albion, et al.*, No. 4:08-cv-100 (M.D. Pa. 2008). On November 20, 2012, Petitioner filed another petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, which was again dismissed by this Court for failure to exhaust state court remedies. *Myers v. Commonwealth of Pennsylvania, et al.*, No. 1:12-cv-2342 (M.D. Pa. 2012).

...

On July 2, 2007, Myers' counsel filed a petition on his behalf under
Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. Cons.
Stat. Ann. §§ 9541 *et seq.*, in the Luzerne County Court of Common
Pleas.  (*See* Doc. 15-5, PCRA Petition.)

...

On November 13, 2008, Myers filed an appeal to the Pennsylvania
Superior Court from a June 27, 2008 Order denying his PCRA
petition.  (*See Commonwealth v. Myers*, 2027 MDA 2008.)  On
November 4, 2009, the Pennsylvania Superior Court affirmed the
denial of Myers' PCRA petition.  (*See id.*)  Myers filed a Petition for
Allowance of Appeal to the Pennsylvania Supreme Court on January
1, 2010.  (*See Commonwealth v. Myers*, 174 MAL 2010.)

*Myers v. Warden of SCI-Albion, et al.*, No. 4:08-cv-100 (M.D. Pa.) at (Doc. 16, pp.

2-5) (footnotes omitted).

On November 1, 2010, the Pennsylvania Supreme Court granted the petition

for allowance of appeal, vacated the Superior Court's Order, and remanded the

case to the PCRA court.  *Commonwealth v. Myers*, 607 Pa. 374, 6 A.3d 1289 (Pa.

2010).  The Pennsylvania Supreme Court noted that it appeared that Petitioner's

counsel was never granted leave to withdraw as counsel, and remanded the matter

for a determination as to counsel's status.  *Id.*  The Court stated, "[i]f the PCRA

court determines that Petitioner is entitled to counsel, counsel shall file a nunc pro

tunc appeal from the order of the PCRA court within thirty days of the PCRA

court's order.  If Petitioner is not entitled to counsel, the Superior Court shall enter

3

a disposition upon Petitioner's pro se appeal." *Id.* On remand, Petitioner was appointed new counsel and his appeal rights were reinstated. *Commonwealth v. Myers*, Docket No. CP-40-CR-0001256-2005 (Luzerne Cty. Ct. Com. Pl. filed May 5, 2005); *Commonwealth v. Myers*, No. 198 MDA 2011 (Pa. Super. 2011).

On January 19, 2011, Petitioner's new counsel filed a notice of appeal from the PCRA court's order to the Pennsylvania Superior Court. *Myers*, No. 198 MDA 2011. On March 2, 2012, the Pennsylvania Superior Court affirmed the PCRA court's order denying relief. *Id.* Petitioner filed a petition for allowance of appeal with the Pennsylvania Supreme Court. *Commonwealth v. Myers*, No. 263 MAL 2012 (Pa. 2012). On August 28, 2012, the Pennsylvania Supreme Court denied the petition for allowance of appeal. *Id.*

On November 26, 2012, Petitioner filed another PCRA petition in the Luzerne County Court of Common Pleas. *Myers*, CP-40-CR-0001256-2005. The PCRA court denied the petition on May 31, 2013. *Id.* There is no indication that Petitioner appealed the denial of this PCRA petition.

On February 11, 2014, Petitioner filed the instant petition for writ of habeas corpus challenging his conviction and sentence. (Doc. 1). Specifically, he argues that he received ineffective assistance of counsel, his constitutional rights under the Sixth and Fourteenth Amendments were violated, and he did not receive a fair trial.

(Doc. 1; Doc. 2, pp. 6-12).

On May 14, 2014, Respondents filed a response to the habeas petition.

(Doc. 10).  No traverse has been filed.

## II.   DISCUSSION

   *A.      AEDPA Statute of Limitations*

A state prisoner requesting habeas corpus relief pursuant to 28 U.S.C. § 2254 must adhere to a statute of limitations that provides, in relevant part, as follows:

> (d)(1) A one-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of - (A) the date on which the judgment became final by the conclusion of direct review or the expiration for seeking such review ...

> (d)(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2); *see generally*, *Jones v. Morton*, 195 F.3d 153, 157 (3d Cir. 1999).  Under the plain terms of § 2244(d)(1)(A), the period of time for filing a habeas corpus petition begins to run when direct review processes are concluded. *See Harris v. Hutchinson*, 209 F.3d 325, 327 (4th Cir. 2000) ("[T]he AEDPA provides that upon conclusion of direct review of a judgment of conviction, the one

year period within which to file a federal habeas corpus petition commences, but the running of the period is suspended for the period when state post-conviction proceedings are pending in any state court.").

As indicated above, section 2244(d)(2) operates to exclude the time within which "a properly filed application for State post conviction or other collateral review with respect to the pertinent judgment or claim is pending ...." § 2244(d)(2).  Thus, when a petition or appeal has concluded and is no longer pending, the one (1) year statute of limitations starts to run and the time is counted. A properly filed application for post conviction relief under § 2244(d)(2) is one submitted according to the state's procedural requirements, such as rules governing time and place of filing.  *Lovasz v. Vaughn*, 134 F.3d 146, 148 (3d Cir. 1998).  The Third Circuit Court of Appeals has defined "pending" as the time during which a petitioner may seek discretionary state court review, whether or not such review is sought.  *Swartz v. Meyers*, 204 F.3d 417 (3d Cir. 2000).  "Pending," however, does not include the period during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition.  *Stokes v. District Attorney of the County of Philadelphia*, 247 F.3d 539, 542 (3d Cir. 2001).  Likewise, the statute of limitations is not tolled under § 2244(d)(2) for the time during which a habeas petition is pending in

6

federal court.  *Jones*, 195 F.3d at 158.

After applying 28 U.S.C. § 2244(d)(1)(A) to determine when the statute of

limitations within which to file a federal habeas petition began to run, it is

concluded that the limitations period started the same day Petitioner's judgment

became final, at the latest, on January 29, 2007, thirty (30) days after the Superior

Court granted his request to discontinue his appeal.[2]  An examination of the

procedural history establishes that the instant petition is time-barred.

On May 4, 2006, Petitioner was convicted of involuntary deviate sexual

intercourse, simple assault, and terroristic threats.  *Myers*,

CP-40-CR-0001256-2005.  On August 10, 2006, Petitioner was sentenced to eight

and one half (8½) to twenty (20) years imprisonment on the count of involuntary

deviate sexual intercourse; a consecutive sentence of twelve (12) to twenty-four

(24) months on the count of simple assault; and, a consecutive sentence of sixteen

(16) months to five (5) years on the count of terroristic threats.  *Id.*  Petitioner filed

---

[2]  The Third Circuit Court of Appeals offers differing views on when a conviction
becomes final after a defendant voluntarily discontinues his direct appeal.  *Compare*, *e.g.*, *United
States v. Sylvester*, 258 Fed. Appx. 411, 412 (3d Cir. 2007) (the defendant's "conviction became
final and the limitations period began to run when his appeal was voluntarily dismissed.  When
an appeal is voluntarily dismissed, further direct review is no longer possible"), *with*, *e.g.*, *United
States v. Parker*, 416 Fed. Appx. 132, 132 (3d Cir. 2011) ("there is no known precedent for the
proposition that a criminal defendant who seeks voluntary dismissal of an appeal is foreclosed
from filing a petition for certiorari challenging the dismissal").  Out of an abundance of caution,
this Court will grant Petitioner thirty (30) extra days, and assume that the federal limitations
period did not begin to run until thirty (30) days after the Superior Court granted his request to
discontinue his appeal.

a timely direct appeal to the Pennsylvania Superior Court on August 31, 2006.

*Commonwealth v. Myers*, No. 1574 MDA 2006 (Pa. Super. 2006).  On December

28, 2006, Petitioner filed a praecipe for discontinuance.  *Id*.  On December 29,

2006, the Pennsylvania Superior Court discontinued Petitioner's appeal.  *Id.*

Therefore, Petitioner's judgment of sentence became final, at the latest, on January

29, 2007.  *See* 28 U.S.C. § 2244(d)(1)(A); *Parker*, 416 Fed. Appx. at 132.

On July 2, 2007, one hundred fifty-four (154) days after the one-year statute

of limitations began, Petitioner filed a timely first PCRA petition in the Luzerne

County Court of Common Pleas, statutorily tolling the limitations period.  *Myers*,

CP-40-CR-0001256-2005.  The PCRA court denied the petition on June 28, 2007.

*Id.*  Thereafter, Petitioner filed a notice of appeal to the Pennsylvania Superior

Court on November 13, 2008, under docket number 2027 MDA 2008.

*Commonwealth v. Myers*, No. 2027 MDA 2008 (Pa. Super. 2008).  On November

4, 2009, the Pennsylvania Superior Court affirmed the PCRA court's order denying

relief.  *Id.*; *Commonwealth v. Myers*. 988 A.2d 726 (Pa. Super. 2008).  Petitioner

filed a petition for allowance of appeal with the Pennsylvania Supreme Court.

*Commonwealth v. Myers*, No. 174 MAL 2010 (Pa. 2010).  On November 1, 2010,

the Pennsylvania Supreme Court granted the petition for allowance of appeal,

vacated the Superior Court's Order, and remanded the case to the PCRA court for a

determination as to counsel's status. *Myers*, 607 Pa. 374, 6 A.3d 1289.

On January 19, 2011, Petitioner's new counsel filed a notice of appeal from the PCRA court's order to the Pennsylvania Superior Court. *Myers*, 198 MDA 2011. On March 2, 2012, the Pennsylvania Superior Court affirmed the PCRA court's order denying relief. *Id.* Petitioner filed a petition for allowance of appeal with the Pennsylvania Supreme Court. *Myers*, 263 MAL 2012. On August 28, 2012, the Pennsylvania Supreme Court denied the petition for allowance of appeal. *Id.* Therefore, the statutory period began to run again on August 28, 2012.

Consequently, as of August 28, 2012, there were two hundred eleven (211) days left of the AEDPA's 365-day limitation period, and Petitioner was required to file his habeas corpus petition approximately on or before March 27, 2013.

However, on November 26, 2012, Petitioner filed another PCRA petition in the Luzerne County Court of Common Pleas. *Myers*, CP-40-CR-0001256-2005. The PCRA court denied the petition on May 31, 2013. *Id.* Respondents contend that this PCRA petition was dismissed as untimely and therefore the statute was not tolled when the petition was pending. However, there is no evidence of record supporting this contention. Assuming that the statutory period was tolled when the second PCRA petition was pending, the instant habeas petition is nevertheless untimely. The statutory period ran for ninety (90) days, from August 28, 2012

through November 26, 2012.  The period was then tolled until the petition was

denied on May 31, 2013, at which time the limitations period started again thirty

(30) days later on July 1, 2013.  Therefore, as of July 1, 2013, there were one

hundred twenty-one (121) days left of the AEDPA's 365-day limitation period, and

Petitioner was required to file his habeas corpus petition approximately on or

before October 30, 2013.  The instant petition was not filed until February 11,

2014, approximately one hundred four (104) days after the limitations period

expired.  Therefore, the habeas petition is untimely.

   B.   *Equitable Tolling*

   A habeas petitioner may also be entitled to equitable tolling of the AEDPA

statute of limitations.  *See Merritt v. Blaine*, 326 F.3d 157, 161 (3d Cir. 2003), *cert.*

*denied*, 540 U.S. 921 (2003) (holding that AEDPA's time limit is subject to the

doctrine of equitable tolling, a judicially crafted exception).  However, the habeas

petitioner bears the burden of demonstrating his entitlement to equitable tolling and

his due diligence.  *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Cooper v.*

*Price*, 82 Fed. Appx. 258, 260 (3d Cir. 2003).  Moreover, the federal habeas statute

of limitations is subject to equitable tolling only in extraordinary circumstances.

*See Merritt*, 326 F.3d at 161.  Thus, while equitable tolling is permitted in state

habeas petitions under AEDPA, it is not favored.  "Courts must be sparing in their

use of equitable tolling" and only permit equitable tolling where "principles of equity would make rigid application of a limitation period unfair." *Sistrunk v. Rozum*, 674 F.3d 181, 189 (3d Cir.2012).

In *Merritt*, the Third Circuit Court of Appeals set forth two general requirements for equitable tolling: "(1) that the petitioner has in some extraordinary way been prevented from asserting his or her rights; and (2) that the petitioner has shown that he or she exercised reasonable diligence in investigating and bringing the claims." *Merritt*, 326 F.3d at 168 (internal citations and quotations omitted). Mere excusable neglect is not sufficient. *Miller v. New Jersey State Dep't of Corrections*, 145 F.3d 616, 618-19 (3d Cir. 1998). The Court of Appeals has identified additional circumstances in which equitable tolling is warranted: (1) the defendant has actively misled the plaintiff, (2) the plaintiff has in some extraordinary way been prevented from asserting his rights, (3) the plaintiff has timely asserted his rights mistakenly in the wrong forum, and (4) the claimant received inadequate notice of his right to file suit, a motion for appointment of counsel is pending, or where the court has misled the plaintiff into believing that he had done everything required of him. *See Yanes v. Nish*, 2009 WL 1045884, *2 (M.D. Pa. 2009) (Caldwell, J.) (citing *Jones*, 195 F.3d at 159).

In the present matter, Petitioner does not specifically argue that he is entitled

to equitable tolling and he presents no evidence to account for the delay in filing the instant federal petition for writ of habeas corpus.  In the habeas petition, Petitioner merely states that the "time [was] tolled from pending P.C.R.A." petition.  *See* (Doc. 1, p. 14).  However, he offers no further argument in support of this statement.  Petitioner does not allege that he has been actively misled by Respondents or the Court, and the record reflects no basis for the argument.  *See* (Docs. 1, 2).  Notably, in this Court's May 6, 2010 Memorandum in *Myers v. Warden of SCI-Albion, et al.*, Petitioner was specifically advised that "upon the disposition of his Petition for Allowance of Appeal by the Pennsylvania Supreme Court, Myers still will have six (6) months and one (1) day to file a habeas petition in this Court."  *Myers v. Warden of SCI-Albion, et al.*, No. 4:08-cv-100, at (Doc. 16, p. 15).

Furthermore, it does not appear that Petitioner's rights were prevented in an extraordinary manner, he fails to allege that he exercised due diligence in investigating and bringing his claim, and he has not alleged that he asserted his rights in the wrong forum.  *See* (Docs. 1, 2).  As such, equitable tolling is inapplicable in this matter.

C.    *Actual Innocence*

A claim of actual innocence may serve as both an exception to procedural

default and as an equitable exception to the statute of limitations. *See Hubbard v. Pinchak*, 378 F.3d 333, 338 (3d Cir. 2004); *McQuiggin v. Perkins*, — U.S. —, —, 133 S.Ct. 1924, 1931 (2013). In *McQuiggin*, the United States Supreme Court held that a habeas petitioner who establishes a successful claim of actual innocence is excused from the procedural bar of the statute of limitations under the miscarriage of justice exception. A claim of actual innocence, if proved, is "not itself constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Schulp v. Delo*, 513 U.S. 298, 315 (1995) (quoting *Herrera v. Collins*, 506 U.S. 390, 404 (1993)). However, the Supreme Court in *McQuiggin* cautioned that, "tenable actual-innocence gateway pleas are rare." *McQuiggin*, 133 S.Ct. at 1928.

A habeas petitioner seeking to overcome the one-year statute of limitations in § 2244(d)(1), upon a showing of "actual innocence", must support his allegations with "new, reliable evidence" that was not presented at trial and must demonstrate that "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Schlup*, 513 U.S. at 324-28 (internal citations omitted). This exception is limited to "certain exceptional cases involving a compelling claim of actual innocence." *House v. Bell*, 547 U.S. 518,

13

521 (2006); *see also Schlup*, 513 U.S. at 324 (stating that "experience has taught us that a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare").  "Actual innocence" in this context refers to factual innocence and not mere legal sufficiency.  *Bousley v. United States*, 523 U.S. 614, 623-24 (1998).

Although not clear, Petitioner appears to claim that he is actually innocent of the crimes for which he was convicted based upon the affidavit of Linda Marcantel, and that counsel was ineffective for failing to elicit testimony from this witness.  Petitioner does not argue that he can overcome AEDPA's one-year statute of limitations.  Rather, his arguments relate to trial counsel's ineffectiveness for failing to elicit alleged exculpatory statements from the witness.  (Doc. 2, pp. 7-12).  Petitioner also argues that PCRA counsel was ineffective for failing to elicit the same testimony from the alleged witness to establish trial counsel's ineffectiveness.  (Doc. 2, pp. 13-21).

Petitioner provided an affidavit from Linda Marcantel, executed by her in 2007.  (Doc. 2, Appendix 1).  The affidavit states that the witness was with the victim, drinking heavily, when the victim attempted to overdose on pills.  (*Id.*).  The witness states that she forcibly removed the pills from the victim's mouth, causing bruises to her face, and that the victim falsely reported to the police that

14

Petitioner caused the injuries. (*Id.*). The affidavit also indicates that the victim has falsely accused other men of rape and received monetary compensation from a victims' fund as a result of the false accusations. (*Id.*).

The affidavit submitted by Petitioner is not "new evidence" so as to satisfy the first step of an actual innocence claim. *See Teagle v. Diguglielmo*, 336 Fed. Appx. 209, * 3 (3d Cir. 2009) (noting that evidence was not "new," as it was available at trial and defense counsel chose not to present it). As stated, the affidavit was executed in 2007 and Petitioner submitted the affidavit several times in prior court filings. *See Myers v. Warden of SCI-Albion, et al.*, No. 4:08-cv-100, at (Doc. 5, pp. 33-36); *Myers v. Commonwealth of Pennsylvania, et al.*, No. 1:12-cv-2342 (M.D. Pa.) at (Doc. 12, pp. 25-27). Additionally, this evidence was available to trial counsel and PCRA counsel. The decision not to call an alleged witness was presumably a reasonable tactical decision and sound trial strategy. Thus, Petitioner has not presented reliable, newly-discovered evidence, i.e., evidence that was not known at the time of trial.

Even if the Court were to consider the witness' affidavit, this evidence is not so probative of Petitioner's innocence that no reasonable juror could have convicted him. *See McQuiggin*, 133 S.Ct. at 1928 (the standard is not met unless the petitioner "'persuades the district court that, in light of the new evidence, no

juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'") (quoting *Schlup*, 513 U.S. at 329).  The fact that this witness would have testified that she removed pills from the victim's mouth and caused bruises to her face, without more, does not mean that no reasonable juror would have convicted Petitioner.  A reasonable juror could consider this evidence, in addition to the other evidence in the case, and nonetheless find the accused guilty.  *See Cox v. Beard*, 2014 WL 556236, *9 (W.D. Pa. 2014) ("It is not enough that in light of the new evidence a reasonable doubt may exist as to the Petitioner's guilt, the test is even more onerous than that.").  Petitioner failed to meet his burden to show that it is more likely than not that no reasonable juror would have convicted him in light of Linda Marcantel's affidavit.

## III.   CERTIFICATE OF APPEALABILITY

This Court has considered whether a certificate of appealability ("COA") should issue pursuant to 28 U.S.C. § 2253.  *See* U.S.C. Sec. 2254 Proc. R. 11 ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.").  The United States Supreme Court holds that when a district court denies a petition on procedural grounds, a COA should only issue when the petitioner shows that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and

whether the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Cooper v. United States*, 2010 U.S. Dist. LEXIS 69600, *25-26 (M.D. Pa. 2010) (Kane, J.) (denying a certificate of appealability). Considering the plain procedural bar in the instant action, it is determined that Petitioner cannot make such a showing. *See Vogt v. Coleman*, 2010 WL 126155, *8 (W.D. Pa. 2010) (concluding that "jurists of reason would not find it debatable whether the Petition was filed within the one-year limitation period provided for under AEDPA" and denying a certificate of appealability). Therefore, there is no basis for the issuance of a certificate of appealability.

## IV.   CONCLUSION

Petitioner's judgment of conviction became final on January 29, 2007 and the one-year statute of limitations for him to file a federal habeas petition began. The time was statutorily tolled one hundred fifty-four (154) days later, on July 2, 2007, when Petitioner filed a timely first PCRA petition in the Luzerne County Court of Common Pleas. The petition was denied and the Pennsylvania Superior Court affirmed. The Pennsylvania Supreme Court granted Petitioner's petition for allowance of appeal on November 1, 2010. A new appeal to the Pennsylvania Superior Court was subsequently filed, the Pennsylvania Superior Court affirmed the PCRA court's order denying relief, and the Pennsylvania Supreme Court

17

denied the petition for allowance of appeal on August 28, 2012.  Petitioner filed

another PCRA petition on November 26, 2012.  The petition was denied on May

31, 2013 and the limitations period started again on July 1, 2013.  Petitioner had

until approximately October 30, 2013 to seek habeas relief, but did not file the

instant petition until February 11, 2014, one hundred four (104) days after the one-

year limitations period expired.  Accordingly, the habeas petition will be dismissed

as time-barred.

A separate Order follows.